DEFENDANT'S EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2025001014
SNK
MAR 18, 2025 02:39 PM

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# IN THE STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER STSV2025001014

Jacobs, Nataly

**PLAINTIFF**

**VS.**

Walmart Inc.
Wal-Mart Stores East, LP (Delaware)
Walmart Store #5363
ABC Corp.
Nelson, Toney, II
Doe, John

**DEFENDANTS**

## SUMMONS

TO: WAL-MART STORES EAST, LP (DELAWARE)

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**James D. Timmons, Jr.**
**BADER LAW INJURY LAWYERS LLC**
**3384 Peachtree Road N.E.**
**Atlanta, Georgia 30326**
**Jjtimmons@baderlaw.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 18th day of March, 2025.**

Clerk of State Court

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2025001014
SNK
MAR 18, 2025 02:39 PM
Lynne M. Policaro
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| NATALY JACOBS | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | |
| | * | |
| WALMART INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART STORE #5363, ABC CORP., TONEY NELSON II, AND JOHN DOE | * * * * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW, NATALY JACOBS, hereinafter "Plaintiff", by and through her undersigned counsel, file this Complaint for Damages against Defendants WALMART INC., WAL-MART STORES EAST, LP (DELAWARE), WALMART STORE #5363, ABC CORP., TONY NELSON II, AND JOHN DOE, and shows this Honorable Court as follows:

**PARTIES, VENUE AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant WALMART INC. is a foreign profit corporation registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent: The Corporation Company (FL) at 410 Peachtree Parkway, Suite 4245, Cumming, Forsyth County, Georgia 30041.

3.

Defendant WAL-MART STORES EAST, LP (DELAWARE) is a foreign limited partnership registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent: The Corporation Company (FL) at 410 Peachtree Parkway, Suite 4245, Cumming, Forsyth County, Georgia 30041.

4.

Defendant WALMART STORE# 5363, is a domestic corporation registered to do business and doing business in the state of Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant at 11465 Tara Boulevard, Hampton, Henry County, Georgia 30228.

5.

Defendant ABC CORP. is an unidentified business entity which is a potential, third-party, joint tortfeasor. Defendant ABC Corp. is a business entity which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of the store and may have contributed to the negligence that injured Plaintiff. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant ABC CORP. If and when Defendant ABC CORP. is identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendant TONEY NELSON II is a store employee who is partially responsible for Paintiff's injuries who may be served at his residence, 112 Fears Drive, Hampton, Georgia 30228. He is subject to the jurisdiction and venue of this Court.

7.

Defendant JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries and is subject to the jurisdiction and venue of this court. Plaintiff incorporates by reference all claims made in this complaint against any other Defendant against Defendant JOHN DOE. Defendant JOHN DOE will be named and served with the Summons and Complaint once their identities are revealed.

8.

Defendants are subject to the jurisdiction of this Court.

9.

This Court has jurisdiction over the subject matter of this action.

10.

Venue is proper in Henry County, Georgia pursuant to the Constitution of Georgia (Ga. Const., Art. VI, § II, ¶ VI), because Defendants reside and operate a business in Henry County, Georgia.

## BACKGROUND

11.

On or about April 4, 2023, Plaintiff Nataly Jacobs was an invitee at Defendant, Walmart Store #5363, located at 11465 Tara Boulevard, Hampton, Georgia 30228.

12.

Defendants Walmart Inc., Wal-Mart Stores East, LP (Delaware), and Walmart Store #5363, have ownership, possession, and control over the premises at all times relevant to this litigation.

13.

Plaintiff was occupying an open area permitted to patrons of the premises at all relevant times when Plaintiff slipped and fell on an unattended liquid substance.

14.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

15.

As a result of Plaintiff's fall, she suffered injuries to multiple parts of her body.

16.

Plaintiffs suffered severe pain and suffering as a result of the fall.

17.

Plaintiff incurred medical expenses for treatment of her injuries in the amount of at least $245,997.77.

18.

Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

**COUNT I**
**NEGLIGENT MAINTENANCE OF PREMISES**

19.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

20.

Defendants had actual or constructive knowledge of the liquid substance creating a hazardos condition for patrons of Defendants' premises, including Plaintiff.

21.

Plaintiff had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

22.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff's.

23.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

24.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard substance from the floor, in failing to take adequate measures to protect invitees from hazards and other objects on the premises, and in failing to keep the premises safe for invitees.

25.

Defendants were negligent in failing to warn Plaintiff of the hazardous condition of the premises.

26.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

**COUNT II**
**VICARIOUS LIABILITY**

27.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

28.

At all times relevant to this action, Defendant Toney Nelson II and the other individuals responsible for inspecting and maintaining the area where Plaintiff fell, were employed by Defendants Walmart Inc., Wal-Mart Stores East, LP (Delaware), Walmart Store #5363, and/or ABC Corp. and were acting within the scope of their employment.

29.

Defendants Walmart Inc., Wal-Mart Stores East, LP (Delaware), Walmart Store #5363, and/or ABC Corp. are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

**COUNT III**
**NEGLIGENT TRAINING & SUPERVISION**

30.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

31.

Defendants Walmart Inc., Wal-Mart Stores East, LP (Delaware), Walmart Store #5363, and/or ABC Corp. were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

32.

Defendants Walmart Inc., Wal-Mart Stores East, LP (Delaware), Walmart Store #5363, and/or ABC Corp. were negligent in training and supervising its staff.

33.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV
## UNLIQUIDATED DAMAGES ACT

34.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

35.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

36.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of her injuries, pain,emotional distress, and general inconvenience.

37.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the

presumption of a conscious indifference to the consequences, and the conduct of these Defendants are so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) Plaintiff be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $245,997.77 the exact amount to be proven at trial to fully compensate her for her medical bills;

c) Plaintiff be awarded special damages in an exact amount to be proven at trial to fully compensate her for future medical expenses;

d) Plaintiff be awarded general damages to fully compensate them for her pain and suffering and other human losses in an amount to be determined at trial;

e) Plaintiff be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f) Plaintiff be awarded attorney fees and expenses of litigation as Defendants have acted in bad faith, in violation of O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6.

g) Plaintiff be awarded punitive damages pursuant to O.C.G.A. §51-12-5.1;

h) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

i) Process be issued requiring the Defendants to answer according to law; and

j) Plaintiff be granted such further and other relief as is just and proper.

Respectfully submitted this 18th day of March, 2025.

**BADER LAW INJURY LAWYERS**

**James D. Timmons, Jr.**
Georgia Bar # 712667
**Shanti Nagrani**
Georgia Bar # 362653
*Attorneys for Plaintiffs*

3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
jjtimmons@baderlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2025001014**
SNK
MAR 26, 2025 10:13 AM

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

**Nataly Jacobs**

Plaintiff/Petitioner

vs.

**Walmart Inc., Wal-Mart Stores East, LP (Delaware), Walmart Store #5363, ABC Corp., Nelson, Toney, II, Doe, John**

Defendant/Respondent

Case No.: **STSV2025001014**

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT FOR DAMAGES**

Received by **Anwuli Odebala**, on the **20th day of March, 2025 at 12:46 PM** to be served upon **Wal-Mart Stores East, LP (Delaware) c/o The Corporation Company (FL).** at **410 Peachtree Pkwy STE 4245, Cumming, Forsyth County, GA 30041**.

On the **21st day of March, 2025 at 9:12 AM**, I, **Anwuli Odebala**, **SERVED Wal-Mart Stores East, LP (Delaware) c/o The Corporation Company (FL).** at **410 Peachtree Pkwy STE 4245, Cumming, Forsyth County, GA 30041** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Elise Buell**, on behalf of said Corporation.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Elise Buell who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.**

Service Fee Total: **$77.91**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: [signature] Anwuli Odebala    N/A Server ID #    03/24/25 Date

Notary Public: Subscribed and sworn before me on this 24th day of March in the year of 2025
Personally known to me ______ or ✓ identified by the following document:

VICTOR AJAYI
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires 12/02/2028

Victor Ajayi
Notary Public (Legal Signature)

REF: **qy-90750**



Tracking #: **0162749024**

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2025000306
VAL
FEB 04, 2025 10:05 AM
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

IN RE: APPOINTMENT AS PERMANENT PROCESS SERVER OF Anwuli Odebala PURSUANT TO O.C.G.A. SECTION 9-11-4(c)

25SV309

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Motion having been read and considered, it is hereby ORDERED that ANWULI ODEBALA be appointed as permanent process server for the Henry County State Court pursuant to O.C.G.A. Section 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of expiration of Applicant's current certification as a process server through the Georgia Administrative Office of the Courts, which is 09/12/2028, unless sooner revoked for cause shown.

**SO ORDERED**, this 3rd day of February, 2025.

VINCENT A. "VINNY" LOTTI
Chief Judge,
Henry County State Court

Rev. 01/30/2024